**RESOLUTION TRUST CORPORATION, Plaintiff,**

v.

**Frank C. HESS, William Hinchman, James Needham, and Steven E. Clyde and Betha J. Clyde, as Executors of the Estate of Edward W. Clyde, Defendants.**

Civ. No. 92–C–141G.

United States District Court, D. Utah, Central Division.

July 19, 1994.

Jathan Janove and Monica Pace, for plaintiff.

John Gordon, III, and John Adams, for defendants.

ORDER

J. THOMAS GREENE, District Judge.

This matter came before the court on July 6 and July 14, 1994, on defendants' Motion for Order Staying Disclosure of Defendants' Personal Financial Information. Plaintiff was represented by Jathan Janove, Suzanne Rigby and Monica Pace. Defendants were represented by John Gordon, III, James Jar-

dine and John Adams. Legal memorandums and other papers were filed by the parties, and the court heard oral argument on the motion.

Defendants seek to prevent disclosure by the Resolution Trust Corporation ("RTC") of financial statements, copies of income tax returns, and other financial information of the defendants as defined in Paragraph 7.1 of the May 25, 1994 Settlement Agreement ("financial information") until the parties' settlement has been approved by the Surrogate's Court of New York County, New York. The RTC seeks to disclose the financial information in response to a request, on Senate stationary, of Senator Reigle, Chairman of the Senate Committee on Banking, Housing and Urban affairs, and Senator Metzenbaum, Chairman of the Subcommittee on Antitrust of the Senate Committee on the Judiciary, in a letter dated June 10, 1994.

The issue was first raised before Judge Stephen H. Anderson of the Tenth Circuit Court of Appeals, who was serving as a settlement judge on this and another case pending in the District of Arizona involving some of the same individual defendants.[1] Judge Anderson referred the cases back to the respective courts on June 24, 1994 and entered a ten day Stay Order to allow the parties to brief and argue the issue. This court has extended the Stay Order as to the Utah case until 5:00 p.m., Mountain Daylight Time, July 19, 1994. In the meantime, hearings have been held in the case pending before the United States District Court in Arizona, and Judge Carroll of that court has issued an Order dated July 18, 1994, prohibiting disclosure of the financial records pending further order of the court. The factual findings and matters set forth in that Order are incorporated into this Order, and made a part hereof, attached as Exhibit A.

In Section 7.2 of the Settlement Agreement, the parties agreed that the financial information in question should be treated as confidential. It was further agreed that the RTC shall not produce it to anyone except pursuant to 12 CFR Part 1625 (and particu-

larly section 1625.6). Section 1625, including 1625.6, applies only to information and documents obtained in the course of an RTC investigation, and thus technically the regulation does not embrace the documents at issue. Clearly, the financial information at issue in this case was given to the RTC as a result of and pursuant to settlement negotiations in the pending litigation. Whatever the parties may have intended in referring to a regulation which literally could not apply to the voluntarily transmitted settlement documents, disclosure or nondisclosure of the financial information placed in the possession of RTC is not controlled by the regulation if disclosure "is otherwise required by law," or if voluntarily permitting disclosure "is otherwise prohibited by law." (12 CFR § 1625(g)).

 It does not appear from any authority presented to the court that production to the congressional committees by the RTC is "required by law." On the other hand, such production would be prohibited by law if the intent were "to prescribe a rule for the decision of a cause in a particular way." *United States v. Klein,* 80 U.S. 128, 146, 20 L.Ed. 519 (1871). No purpose or reason was given to the RTC in the informal request by the Honorable Chairmen of the congressional committees for production of the settlement documents in question. Yet, the request is for production of the very documents which are to be reviewed by the Surrogate Court in New York as the basis for its determination whether to approve the settlement already entered into by the RTC and the defendants. In this regard, the court is cognizant that public policy considerations militate in favor of preventing access to settlement negotiations when such access would undermine the amicable resolution of disputes. *City of Hartford v. Chase,* 942 F.2d 130, 135 (2d Cir.1991).

Both parties recognize that the information in question is confidential and must remain so at least until the settlement has been reviewed and approved (or disapproved) by the court in New York. In this regard, both

---

**1.** *Resolution Trust Corporation v. Dean, et al.,* No. 91–2026–PHX–EHC (LEAD) and No. 92–0304– PHX–RCB.

parties have tendered to the court a form of protective order under which the documents could be transmitted to the congressional committees voluntarily with provisions to safeguard confidentiality. However, the parties have notified the court that they disagree as to the terms necessary to achieve such confidentiality, and have reached an impasse. The fundamental problem seems to be how to implement the understanding which the RTC represented to this court was given to it by the congressional committees that the financial information would be kept confidential, with no unauthorized "leaks" or disclosures. However, no assurances from the said committees to this court have been submitted by the RTC. The court requests counsel to continue to attempt to develop a stipulated protective order and lodge the same with the court.

█ In addition to the factual findings set forth in Judge Carroll's Order, this court makes and enters the following additional findings based upon the record before it:

1. Defendants will be irreparably harmed if the stay is not continued.

2. The damage to defendants in the absence of the stay outweighs the damage, if any, which the RTC would suffer.

3. The public interest in preserving the independence and integrity of the judicial process, and in the promotion of judicially supervised settlement of litigation, would be served by maintenance of the stay.

4. In lieu of a specific finding that defendants will probably prevail on the merits, the court finds that defendants have raised questions going to the merits that are so serious, substantial, difficult and doubtful as to make them fair game for litigation and thus for more deliberate investigation.

Based upon the foregoing, it is hereby

ORDERED, that the financial information of defendants in the possession of the Resolution Trust Corporation shall be maintained and kept confidential and shall not be disclosed or produced to any person or entity pending further order of this court.

*EXHIBIT A*

IN THE UNITED STATES
DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Resolution Trust Corporation, in its corporate capacity, Plaintiff,

v.

Clayton Dean, et al., Defendants.

CIV 91–2026–PHX–EHC (LEAD)

CIV 92–0304–PHX–RCB

**ORDER STAYING DISCLOSURE OF FINANCIAL INFORMATION**

In a motion dated June 28, 1994, Defendants Dean, Fannin, Hess, Kerr, Needham and Newell[1] requested an order staying disclosure by the Resolution Trust Corporation (RTC) of defendants' personal financial information submitted to the RTC as a condition of settling this lawsuit and another case pending in the District of Utah, *RTC v. Hess, et al.,* No. 92–C–141G (Motion for Stay).

The motion was supported by a memorandum, outlining the general settlement proceedings and the contingent Settlement Agreement.

Other defendants have joined in this motion.[2]

RTC responded to the motion and opposed any stay of disclosure.

The following matters are relevant to the pending motion for stay:

The RTC received a joint letter, dated June 10, 1994, from Senator Donald W. Riegle, Chairman, United States Senate Committee on Banking, Housing, and Urban Affairs, and Senator Howard M. Metzenbaum, Chairman, United States Senate Subcommittee on Antitrust Committee on the United (sic) Judiciary, reading as follows:

---

1. The Court has received a Notice on July 13, 1994, filed pursuant to F.R.Civ.P. 25(a)(1) that defendant John E. Griffith died on June 24, 1994.

2. A similar motion was filed and is pending in the Utah case.

We have asked the RTC to brief our staffs on the proposed settlement of legal claims brought by the Resolution Trust Corporation in the above two failures.

As a part of the briefing the RTC should provide copies of the Financial Information, cited on pages 31 and 32 of the proposed settlement, which the RTC relies upon in entering into the settlement.

Under date of June 13, 1994, the RTC sent a "Notice" to counsel in *RTC v. Dean:*

The Resolution Trust Corporation ("RTC") provides this notice in compliance with 12 C.F.R. Section 1625.6(d)(2), and in accordance with Paragraph 7.2 of the Settlement Agreement ('Settlement Agreement'), dated May 25, 1994, entered into between RTC and the defendants in *RTC v. Dean* and *RTC v. Hess:*

PLEASE TAKE NOTICE that on June 10, 1994, the Chairman of the United States Senate Committee on Banking, Housing, and Urban Affairs sent a letter to RTC, requesting that RTC produce the materials designated as 'Financial Information' at pages 31 and 32 of the Settlement Agreement. A copy of this letter is enclosed.

The RTC's June 22, 1994 response to the Senators' joint letter provided in part:

After receiving notice of your information request, the defendants requested an immediate conference with Judge Anderson who has been overseeing our settlement negotiations. The conference is scheduled for Friday, June 24. Barring any unforeseen circumstances that might arise at the conference, we expect to produce the financial information you requested on Monday, June 27.

The RTC's response to the Senators also noted:

... Aside from our responsibilities under Section 7 of the Settlement Agreement and the privileged nature of the information, public disclosure would likely stymie our efforts generally to obtain similar information in other instances where defendants wish to enter into settlement negotiations with the RTC.

RTC notified defendants' counsel on June 23, 1994, via facsimile letter, that it was "committed to production of the information requested by Senators Riegle and Metzenbaum on Monday, June 27." RTC's letter concluded:

Regarding your reference to a proposed motion to seal the confidential information, RTC will not join in such a motion and will take no steps to hinder the ability of Congress to obtain information to which it is entitled. Our production of the requested information is being handled in a manner consistent with Paragraph 7.2 of the Settlement Agreement, dated May 25, 1994, and the requirements set forth in 12 C.F.R. Section 1625.6(d)(2).

At the time the RTC received the letter from Senators Riegle and Metzenbaum, this case and the Utah case were referred to Honorable Stephen H. Anderson, United States Circuit Judge for the Tenth Circuit, for a settlement conference.

Judge Anderson on June 24, 1994, filed a Report and Resubmission by Settlement Conference Judge. Judge Anderson issued an order that same date that the Resolution Trust Corporation and its personnel "not to disclose to any person or entity [prior to a certain date] the financial statements, tax returns, or other financial information, or summaries or copies thereof, supplied by any defendant in this case." Judge Anderson's order provided that it was "subject to further order of the district court."

The instant motion for stay was thereafter filed with this Court. The motion was noticed for public hearing on July 14, 1994 in an order dated July 6, 1994. RTC and its personnel were ordered not to disclose any of the financial information specified in Judge Anderson's order, prior to 5:00 p.m., MST, Tuesday, July 12, 1994. The parties were given the opportunity to file supplemental memoranda prior to this hearing.

As ordered, the public hearing was held on July 14th. Counsel for RTC and all defendants appeared. The Arizona Republic was present, by counsel, and the Court signed an order for its limited intervention. There were no other appearances or motions to intervene. This Court's stay order was extended to 5:00 p.m., MST, July 19, 1994.

For purposes of this motion, and based on the record before this Court as summarized below, the Motion for Stay will be granted, pending further order of Court:

(1) The Settlement Agreement dated May 25, 1994, is initially contingent on approval by the New York Surrogate Court having jurisdiction over the Estate of Daniel K. Ludwig; A Petition for that purpose was filed with the Surrogate Court on June 15, 1994;

(2) The amount of approximately $12.1 million, to settle this case and the Utah case is to be provided by the Estate of Daniel K. Ludwig;

(3) The Settlement Agreement was arrived at after extended negotiations between the parties and with the active participation of Judge Anderson;

(4) The financial records of defendants were provided to RTC as a part of the settlement negotiations; they were not provided to or obtained by RTC as a part of its investigatory efforts related to determination of its claims on the merits.

(5) The Settlement Agreement addresses defendants' financial circumstances in Paragraphs 7.1 through 7.9 (at pages 31–34). In particular, Paragraphs 7.1 and 7.2 address the subject of confidentiality of those records:

7. *Material misstatements or omissions; liquidated damages.*

7.1 Each Settling Defendant has submitted to RTC sworn or audited financial statements and copies of income tax returns or other financial information (collectively, "Financial Information")....

7.2 RTC shall treat all Financial Information as confidential and shall not produce it to anyone except pursuant to 12 C.F.R. Part 1625 (and, in particular, 12 C.F.R. § 1625.6) or if required to do so by law.

(6) § 1625.6 of 12 C.F.R. refers to investigations undertaken by RTC and more particularly "Information and documents obtained by the RTC in the course of such investigations and for which a claim

of confidentiality has been asserted ..." A copy of § 1625.6 in its entirety is attached to this order, so that its provisions may be reviewed in context.

(7) § 1625.6(d)(2), provides for disclosure of confidential documents (subject to certain notice requirements) obtained during an investigation:

... in response to any request from the chairman or ranking minority member of a committee or subcommittee of Congress acting pursuant to committee business....

(8) § 1625(e), states:

(e) Notwithstanding the provisions of paragraphs (a) through (d) of this section, disclosure by the RTC in the course of any judicial or administrative proceeding shall be governed by the rules and procedures of the court or administrative body conducting the proceeding and the RTC shall give the submitter such notice as is reasonable under the circumstances of its intent to disclose such information in the proceeding and what protective measures are to be sought, if any.

(9) The RTC is not required by law, including the provisions of § 1625, to disclose the information at issue to the staffs of the requesting senators, or to individual senators, on the basis of the joint letter dated June 10, 1994.

(10) On the present record before this Court, the contingent Settlement Agreement and financial information provided to the RTC pursuant thereto is the concern of the Surrogate Court in New York, and thereafter, the United States District Court for the districts of Arizona and Utah.

(11) The settlement of this proceeding by way of compromise rather than pursuing further litigation between the parties, if approved by the courts having jurisdiction, is in the public interest (See Exhibit G to the Settlement—"[Proposed] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE"), by terminating the proceedings, resolving disputes between the parties with significant savings in time and financial resources to RTC and the individual defen-

dants which would be necessary if the pending case would be resolved in an adversarial proceeding.

(12) Disclosure of the defendants' financial information prior to approval by the New York Surrogate Court could thwart the settlement and/or result in extended and costly collateral litigation between the parties to the Settlement Agreement.

Accordingly,

**IT IS ORDERED** pending further order of this Court, that the RTC and its personnel shall not disclose to any person or entity, any financial records filed with the RTC under Paragraph 7.1 of the Settlement Agreement.

**DATED** this 18 day of July, 1994.

/s/ Earl H. Carroll
EARL H. CARROLL
United States District Judge